UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOGICALIS, INC.
a New York corporation,

    Plaintiff,

vs.

PETER GRAVES,
DATATREND TECHNOLOGIES, INC.
a Minnesota corporation,

    Defendants.

Case No. 20-
Hon.

---

FRANK & FRANK LAW
By:  JONATHAN B. FRANK (P42656)
JANETTE E. FRANK (P42661)
Attorneys for Plaintiff
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan  48302-1461
(248) 723-8691
jonfrank@frankandfranklaw.com
janfrank@frankandfranklaw.com

---

## COMPLAINT

### *The Parties*

1.    Plaintiff Logicalis, Inc. ("Logicalis") is a provider of IT solutions and managed services.

2.    Logicalis is a New York corporation with its principal place of business in New York, New York.

1

993476/15887.0009

3. Logicalis's largest employee base is at the Logicalis office in Bloomfield, Michigan.

4. Logicalis has offices and customers throughout the United States.

5. Defendant Datatrend Technologies, Inc. ("Datatrend") is also a provider of IT solutions and managed services.

6. Datatrend is a Minnesota corporation with its principal place of business in Minnetonka, Minnesota.

7. Datatrend has customers throughout the United States.

8. Datatrend and Logicalis are competitors.

9. Peter Graves ("Graves") is a former employee of Logicalis who now works for Datatrend.

10. Graves lives at 307 East River Circle, Sauk Centre, Minnesota and is a resident of Minnesota.

***Graves' Employment History***

11. When Graves began working for Logicalis in November 2014, he signed the Non-Disclosure, Non-Solicitation, and Proprietary Rights Agreement attached as Exhibit A.

12. Exhibit A provides that Michigan law applies and that Graves consents to venue and jurisdiction in this Court.

993476/15887.0009

13. Graves' last job title with Logicalis was Solutions Architect (also Power Systems Consultant).

14. According to his LinkedIn profile, Graves is an "Information Technology specialist with substantial experience around" certain IBM products.

15. At Logicalis, Graves was responsible for designing solution architecture for, sales to and servicing a variety of large Michigan-based customers.

16. At Logicalis, Graves was responsible for designing solution architecture for, sales to and servicing a variety of large customers throughout the United States.

17. In order to perform this customized work, Graves and other members of the Logicalis team perform the following steps:

   a. Interview the customer to understand the customer's needs;

   b. Create an initial solution architecture based on the expertise and experience of team members;

   c. Work with a supplier to determine specifications and pricing;

   d. Design and validate the customized solution;

   e. Verify the efficacy of the solution;

   f. Revise the solution based on customer feedback;

   g. Draft a "Statement of Work" to describe the customized goods and services being offered.

993476/15887.0009

18. Logicalis maintains this solution architecture in confidence within Logicalis until goods and services are purchased by a customer and does not share this information outside of Logicalis.

19. Logicalis requires its customers to abide by confidentiality restrictions in the standard terms and conditions.

20. When Graves was preparing to leave Logicalis in February, 2020, a Logicalis supervisor reminded him of his obligations under Exhibit A.

21. Graves proclaimed that he considered the obligations in Exhibit A to be unenforceable.

22. Graves announced his resignation from Logicalis on March 7, 2020.

23. Around March 11, 2020, Logicalis learned that Graves would be working or was already working for Datatrend.

24. On March 12, 2020, Logicalis reminded Graves of his obligations under Exhibit A by a written notice delivered to his home. Exhibit B.

25. Logicalis also sent Exhibit B to both Datatrend's CEO and Vice-President of Finance and Accounting.

26. Upon information and belief, this was before Graves actually started working for Datatrend.

27. Graves' job title with Datatrend is Senior Solutions Architect.

993476/15887.0009

### *Damage to Logicalis*

28. Logicalis recently learned that Graves willfully violated the terms of Exhibit A and stole Logicalis's confidential information and trade secrets, with Datatrend's full knowledge and assistance.

29. As a result of Graves' and Datatrend's wrongful acts, a long-time customer of Logicalis (Ashley Furniture) decided to stop doing business with Logicalis and move to Datatrend.

30. While he worked for Logicalis, Graves was involved in the process of creating customized solution architecture and a quote for Ashley Furniture.

31. Graves is now part of Datatrend's team creating solution architecture for, soliciting and servicing Ashley Furniture.

32. Logicalis is concerned that Graves and Datatrend, without regard for their legal obligations, are targeting other Logicalis customers.

33. This will cause damage Logicalis's goodwill and will cause irreparable injury to Logicalis.

34. In this effort, Graves and Datatrend are misusing Logicalis's confidential information and misappropriating Logicalis's trade secrets to solicit and service Logicalis's customers.

993476/15887.0009

35. Graves and Datatrend are also interfering with Logicalis's contracts with its customers and Logicalis's reasonable business expectancies with existing and potential customers.

36. In this action, Logicalis seeks an injunction prohibiting Graves and Datatrend from further violating the terms of Exhibit A, state law, and federal law, and to recover damages that Logicalis has already suffered, which exceed $75,000.

### *Jurisdiction and Venue*

37. The amount in controversy exceeds $75,000.

38. This Court has jurisdiction under 28 U.S.C. §1332(a)(1).

39. This Court has federal question jurisdiction under 28 U.S.C. §1331 because a portion of this matter arises under the laws of the United States, specifically, the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq.

40. Graves consented to jurisdiction in Exhibit A.

41. Venue is proper in this Court based on the forum selection clause in Exhibit A.

42. This action should be governed by Michigan law as specified in Exhibit A.

993476/15887.0009

## COUNT ONE – BREACH OF CONTRACT

43. Logicalis incorporates the previous allegations.

44. Graves breached his contractual obligations to Logicalis by soliciting Logicalis's customers and/or encouraging them to leave Logicalis or reduce their business with Logicalis.

45. Graves breached his contractual obligations to Logicalis by misusing confidential information and trade secrets.

46. As a proximate result, Logicalis has been damaged in an amount in excess of $75,000.

WHEREFORE, Logicalis requests a judgment against Graves in an amount in excess of $75,000, plus interest, attorney fees, and costs.

## COUNT TWO – MICHIGAN UNIFORM TRADE SECRET ACT

47. Logicalis incorporates the previous allegations.

48. Logicalis's trade secrets include its solution architecture as described above, which is a design for products and services that is customized for a particular customer.

49. Graves was instrumentally involved in designing these solutions.

50. Development of the trade secrets is an extensive, time-consuming, labor-intensive job.

993476/15887.0009

51. Logicalis protects these trade secrets by: (1) issuing terms and conditions to customers such as Ashley Furniture that contain restrictions based on confidentiality; (2) requiring employees to sign restrictive agreements specifically identifying confidential information and trade secrets; and (3) maintaining internal control over the dissemination of confidential and trade secret information.

52. These trade secrets have great commercial value to Logicalis because they allow Logicalis to win and successfully perform customer contracts.

53. These trade secrets are not generally known or ascertainable by Logicalis's competitors without a significant investment of time and resources.

54. A competitor such as Datatrend that obtains Logicalis's trade secrets has and will continue to have an unfair competitive advantage, most significantly by having an unfair head start in the solution architecture process.

55. Graves and Datatrend violated the Michigan Uniform Trade Secrets Act ("MUTSA").

56. Graves' and Datatrend's actions were premeditated, intentional, willful and malicious.

57. This Court may issue an injunction.

58. Logicalis may recover reimbursement of its attorney fees and costs.

WHEREFORE, Logicalis requests a judgment against Graves and Datatrend in an amount in excess of $75,000, plus interest, attorney fees, and costs, and for preliminary and permanent injunctive relief.

## COUNT THREE – DEFEND TRADE SECRETS ACT

59. Logicalis incorporates the previous allegations.

60. Graves and Datatrend violated the Defend Trade Secrets Act.

61. Logicalis is entitled to damages in its favor for actual loss caused by the misappropriation, damages for all unjust enrichment caused by the misappropriation that is not addressed in computing damages for actual loss, and/or damages measured by imposition of liability for a reasonable royalty for the unauthorized disclosure or use of Logicalis's trade secrets.

62. Logicalis is entitled to exemplary damages in an amount not more than two times Logicalis's actual damages.

63. This Court may issue an injunction.

64. Logicalis may recover reimbursement of its attorney fees and costs.

WHEREFORE, Logicalis requests a judgment against Graves and Datatrend in an amount in excess of $75,000, plus interest, exemplary damages, attorney fees, and costs, and for preliminary and permanent injunctive relief.

9

## COUNT FOUR – TORTIOUS INTERFERENCE

65. Logicalis incorporates the previous allegations.

66. Graves and Datatrend know of Logicalis's contracts with its customers.

67. Graves and Datatrend know of Logicalis's business expectancies with customers and potential customers.

68. Graves and Datatrend intentionally and unjustifiably interfered with Logicalis's contracts and business expectancies.

69. As a result, at least one of Logicalis's customers has left Logicalis and is now doing business with Datatrend.

70. Logicalis's damages exceed $75,000.

WHEREFORE, Logicalis requests a judgment against Graves and Datatrend in an amount in excess of $75,000, plus interest, attorney fees, and costs.

FRANK AND FRANK LAW

*/s/ Jonathan B. Frank*
JONATHAN B. FRANK (P42656)
JANETTE E. FRANK (P42661)
Attorneys for Plaintiffs
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302-1461
(248) 723-8691
jonfrank@frankandfranklaw.com
janfrank@frankandfranklaw.com

Dated: June 29, 2020

993476/15887.0009